WO

MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Satwinder Singh,

               Petitioner,

v.

Chad Wolf, et al.,

               Respondents.

No. CV-20-00450-PHX-MTL (JZB)

**ORDER**

Petitioner Satwinder Singh has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an Emergency Motion to Stay (Doc. 2). The Court will enter a temporary stay of removal and call Respondents to answer the Petition.

**I.     Background**

Petitioner is a native and citizen of India. On June 23, 2019, he entered the United States without inspection at an unknown location and was encountered and taken into custody by the United States Department of Homeland Security (DHS). (Doc. 1-1 at 2, 6-9.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Naturalization Act (INA) § 235(b)(1), 8 U.S.C. § 1225(b)(1). Petitioner expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination. Petitioner was then transferred and detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona. (*Id.*)

On August 12, 2019, Petitioner received a credible fear interview. (Doc. 1-1 at 6-24.) An asylum officer found Petitioner was credible but determined that he had not established a credible fear of persecution or torture if removed to India. (*Id.* at 4, 6-9, 25-27.) The asylum officer reasoned in part that Petitioner had "not established a credible fear of persecution . . . because . . . [he had] not indicated that [he was] harmed in the past, and there is no significant possibility that [he] could establish in a full hearing that the harm [he fears] is well founded," and had "not established a credible fear of torture . . . because . . . [he had] not established that there is a significant possibility that . . . [he] would suffer severe physical or mental pain or suffering."[1] (*Id.* at 4; *but see id.* at 25-27.) The determination was approved by a supervisory asylum officer (*id.* at 9), and on August 14, 2019, Petitioner was ordered removed from the United States (*id.* at 4). Petitioner requested review of the credible fear determination by an Immigration Judge (IJ) (*id.* at 2-4), and on August 20, 2019, the IJ affirmed the asylum officer's credible fear determination.[2]

## II. Petition

In his Petition, Petitioner names Acting DHS Secretary Chad Wolf, United States Attorney General William Barr, Acting United States Immigration and Customs Enforcement (ICE) Director Matthew T. Albence, Acting USCIS Director Kenneth Cuccinelli, former ICE Phoenix Field Office Director Henry Lucero, and CoreCivic Adams County Correctional Center Warden Shawn Gillis as Respondents.[3] Petitioner asserts that

---

[1] The asylum officer also found there was not a significant possibility that Petitioner could establish eligibility for humanitarian asylum based on the severity of the past persecution. (Doc. 1-1 at 25-27.)

[2] *See* Executive Office for Immigration Review (EOIR) Telephonic Case Status Information System (Ph. 1-800-898-7180) (last accessed Mar. 3, 2020).

[3] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition).

this Court has habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).

Petitioner brings three grounds for relief. In Grounds One and Two, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the governing statute, the implementing regulations, and the Due Process Clause of the Fifth Amendment. Petitioner alleges the asylum officer failed to employ the required non-adversarial procedures when conducting his credible fear interview, improperly allocated the burden of proof, and misapplied the relevant regulations and binding case law when evaluating his credible fear claim. In Ground Three, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act.

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 17-18.)

The Court asks that Respondents Wolf, Barr, Albence, Cuccinelli, Lucero, and Gillis answer the Petition.

**III.   Emergency Motion to Stay**

Petitioner moves the Court to stay his removal from the United States while this action is pending. (Doc. 2 at 12.) He reports that "ICE has already received his travel document to return him to India," and his removal is therefore "imminent." (*Id.* at 1.)

The Ninth Circuit Court of Appeals has mandated that "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

TERMPSREF

The Court finds that the potential interests of justice associated with the irrevocable nature of removal warrants issuing a temporary stay of removal. In *Thuraissigiam*, the Ninth Circuit Court of Appeals held 8 U.S.C. § 1252(e)(2)'s statutory restriction on habeas corpus review violated the Suspension Clause as applied to Thuraissigiam. On that basis, the district court's initial decision was reversed, and the Ninth Circuit remanded the matter with instructions to exercise jurisdiction and "consider Thuraissigiam's legal challenges to the procedures leading to his expedited removal order." 917 F.3d at 1119.

Similarly, here, Petitioner has raised legal challenges to the process leading to his expedited removal order and alleged circumstances which, if true, would present a substantial case on the merits. This is, of course, without prejudice to Respondents demonstrating the contrary. Because removal would deprive him of the relief he seeks – asylum in the United States – he has also shown that it is probable that he would suffer irreparable harm absent a stay.

Lastly, the balance of hardships tips in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to answer the Petition and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Emergency Motion to Stay (Doc. 2) is **granted** and a temporary stay of removal is **entered.** Respondents are **enjoined** from removing Petitioner Satwinder Singh (A# 201-741-684) from the United States pending further order of this Court.

(2) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), (3) the Emergency Motion to Stay (Doc. 2), and (4) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Emergency Motion to Stay, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Wolf, Barr,

Albence, Cuccinelli, Lucero, and Gillis pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondents shall have **30 days** from the date of service to answer the Petition (Doc. 1). Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(4) Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply. *Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer*.

(5) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(6) This matter is **referred** to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

(7) The Clerk of Court shall **email** a copy of this Order to the Immigration TRO Distribution List.

Dated this 4th day of March, 2020.

Michael T. Liburdi
United States District Judge